IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY_____D.C.

05 NOV -3 AM 9: 37

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN. MEMPHIS

|  |  |  |
|---|---|---|
| MICHAEL A. ARMSTRONG, | X X X | |
| Plaintiff, | X X | |
| vs. | X X | No. 05-2612-Ml/P |
| JO ANNE BARNHART, COMMISSIONER OF SOCIAL SECURITY, | X X X | |
| Defendant. | X X X | |

---

## ORDER DIRECTING PLAINTIFF TO FILE A PROPERLY COMPLETED IN FORMA PAUPERIS AFFIDAVIT OR PAY THE CIVIL FILING FEE

---

Plaintiff Michael A. Armstrong filed a pro se complaint pursuant to 42 U.S.C. § 405(g) on August 23, 2005, along with a motion seeking leave to proceed in forma pauperis.

Federal law provides that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of" $250. 28 U.S.C. § 1914(a).[1] To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an in forma pauperis affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A

---

[1]    Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on __11-3-05__



plaintiff seeking <u>in forma pauperis</u> standing must respond fully to the questions on the Court's <u>in forma pauperis</u> form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. <u>See, e.g.</u>, <u>Reynolds v. Federal Bur. of Prisons</u>, 30 Fed. Appx. 574 (6th Cir. Mar. 11, 2002); <u>Brogue v. Fort Knox Fed. Credit Union</u>, No. 86-1896, 1997 WL 242043 (6th Cir. May 8, 1997).

Armstrong's motion to proceed <u>in forma pauperis</u> does not adequately document his monthly income, assets, and financial obligations. In particular, plaintiff apparently has been unemployed since 2003 and does not receive unemployment compensation or welfare, except for food stamps, and his wife also is not employed. However, the affidavit does not document the means by which the plaintiff is supported. The affidavit also lists no monthly expenses except for rent and utilities, although the <u>in forma pauperis</u> affidavit indicates the plaintiff has a telephone.

Accordingly, plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, either to pay the $250 civil filing fee or to file a properly completed <u>in forma pauperis</u> affidavit that is executed in compliance with 28 U.S.C. § 1746. The Clerk is ORDERED to send Hawkins another copy of the nonprisoner <u>in forma pauperis</u> affidavit along with this order. Failure to timely comply with this order will result in dismissal

of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 31st day of October, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02612 was distributed by fax, mail, or direct printing on November 3, 2005 to the parties listed.

Michael A Armstrong
1630 Barton St
Memphis, TN 38106

Honorable Jon McCalla
US DISTRICT COURT