FILED BY _____ D.C.

05 NOV 30 AM 11:29

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| MICHAEL A. ARMSTRONG, | |
| Plaintiff, | |
| vs. | No. 05-2612-Ml/P |
| JO ANNE BARNHART, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

---

ORDER GRANTING LEAVE TO PROCEED <u>IN FORMA PAUPERIS</u>
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

---

Plaintiff Michael A. Armstrong filed a <u>pro se</u> complaint pursuant to 42 U.S.C. § 405(g) on August 23, 2005, along with a motion seeking leave to proceed <u>in forma pauperis</u>. Because Armstrong's motion to proceed <u>in forma pauperis</u> did not adequately document his monthly income, assets, and financial obligations, the Court issued an order on October 31, 2005 directing the plaintiff, within thirty days, to file a properly completed <u>in forma pauperis</u> affidavit or pay the $250 civil filing fee. Plaintiff filed a new <u>in forma pauperis</u> affidavit on November 8, 2005. Based on the information contained in the plaintiff's affidavit, the motion to proceed <u>in forma pauperis</u> is GRANTED. The Clerk shall record the defendant as Jo Anne Barnhart, Commissioner of Social Security.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  11-30-05

The plaintiff has filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

2

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 174 (2d Cir. 1989).[2] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel. Accordingly, the motion for appointment of counsel is DENIED.

It is ORDERED that the Clerk shall issue process for the defendant and deliver said process to the marshal for service. A copy of this order shall be served on the defendant along with the summons and complaint. Service shall be made on the defendant pursuant to Fed. R. Civ. P. 4(i)(2)(A). All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if it has no attorney. The plaintiff shall make a certificate of service on every document

---

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." <u>Id.</u>

3

filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 29 day of November, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02612 was distributed by fax, mail, or direct printing on November 30, 2005 to the parties listed.

---

Michael A Armstrong
1630 Barton St
Memphis, TN 38106

Honorable Jon McCalla
US DISTRICT COURT